UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KEYENN CHARLES,** | : | Honorable Madeline Cox Arleo |
| **Plaintiff,** | : | |
| -v- | : | Civil Action No. 07-4309 (SDW) |
| **ESSEX COUNTY CORRECTIONAL FACILITY, et al.,** | : | **REPORT AND RECOMMENDATION** |
| **Defendants,** | : | |

**BACKGROUND**

Plaintiff Keyenn Charles ("Plaintiff") filed the Complaint in the Superior Court of New Jersey, Law Division, Essex County on August 23, 2006. The Complaint alleged common law claims of medical malpractice and negligence. On July 25, 2007, Plaintiff filed a Second Amended Complaint in the Superior Court of New Jersey, Law Division: Essex County. On August 17, 2007, Judge Verna G. Leath, J.S.C., entered an Order granting Plaintiff leave to file a Third Amended Complaint, which he did on August 27, 2007. On September 7, 2007, Defendant Correctional Health Services, Inc. ("Correctional Health"), filed a Notice of Removal with the Superior Court of New Jersey, Law Division, Essex County, and with this Court. The Notice asserts that this Court has subject matter jurisdiction over this dispute pursuant to 42 U.S.C. § 1983 because Plaintiff's Third Amended Complaint alleges violations of his civil rights.

On March 19, 2008, Benjamin Levine, Esq., filed a Motion to be relieved as counsel for

Plaintiff. On April 2, 2008, this Court entered an Order granting Levine's motion to be relieved as counsel, and Plaintiff was deemed to be proceeding pro se. A Court-Ordered status conference was scheduled for May 2, 2008. Plaintiff failed to appear for the Court-Ordered status conference. On May 7, 2008, this Court entered an Order to Show Cause why monetary/reprimand sanctions should not be imposed for Plaintiff's failure to appear. The Order was returnable on May 29, 2008. Plaintiff appeared at the Order To Show Cause and requested additional time to retain counsel. By Letter Order dated May 30, 2008, this Court adjourned the Order to Show Cause to July 16, 2008 to give Plaintiff an opportunity to retain counsel. Plaintiff failed to appear on July 16, 2008 and no counsel appeared on his behalf. Neither plaintiff nor counsel has contacted the Court since.

## DISCUSSION

Plaintiff's failure to prosecute this action and to comply with Court Orders requires this Court to determine the appropriate sanctions to impose. Pursuant to FED. R. CIV. P. 16(f), the Court is authorized to Order the sanction of dismissal when a party has willfully disobeyed pre-trial Orders of the Court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d. Cir. 1992). Based on the analysis stated below, I recommend that Plaintiff's Third Amended Complaint be dismissed.

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth six factors which must be considered in determining whether to dismiss a Plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails ane analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id.

1. The Extent of Plaintiff's Personal Responsibility

Plaintiff is proceeding pro se. He is, therefore, personally responsible for failing to appear before this Court. His failure to appear and prosecute his case demonstrates a willful decision to disregard the orders of this Court. Plaintiff was warned that continued failure to comply would result in sanctions. He ignored this Court's Order of May 7, 2008.

Plaintiff is not exempt from responsibility for failure to abide by this Court's orders simply because he has not secured counsel and, thus, is treated as a pro se litigant. "[A]ll litigants, including pro ses, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994). Plaintiff failed to comply with Court Orders to appear. Accordingly, these factors favor the dismissal of Plaintiff's Third Amended Complaint.

2. Prejudice to Defendants

Because Plaintiff disregarded Court Orders, the Defendants are incapable of defending any of Plaintiff's claims against them. Despite Orders from this Court, Plaintiff has not attended in-person conferences. Indeed, based on Plaintiff's inaction, it is impossible for Defendants to know his allegations and adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). There, the Plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The Court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Prejudice also includes "the irretrievable loss of

evidence, in the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citations omitted).

Here, the prejudice to Defendants is clear. The Defendants are unable to ascertain Plaintiff's allegations in this suit or defend against his claims. The factor of prejudice to Defendants weighs in favor of dismissing Plaintiff's Third Amended Complaint.

3.   History of Dilatoriness

Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history of ignoring these time limits is intolerable." 747 F.2d at 868. Plaintiff failed to appear at a Court conference on May 2, 2008 (resulting in an Order to Show Cause).

This Court made several efforts to permit Plaintiff to prosecute this suit by scheduling an in-person conference for May 2, 2008 and then issuing an Order to Show Cause in which he was directed to provide an explanation for his absence from the May 2, 2008 conference. Plaintiff showed up at the Order To Show Cause, requested additional time, yet never contacted the Court again. He did not appear on the adjourned dated of July 16, 2008. Therefore, this Court finds a history of dilatoriness and this factor weighs in favor of dismissing Plaintiff's Third Amended Complaint.

4

4.   Plaintiff Plaintiff's Conduct Has Been Willful

Despite receiving adequate notice, Plaintiff has failed to comply with two of this Court's Orders. Such conduct indicates willfulness, and the absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). This factor supports the dismissal of Plaintiff's Third Amended Complaint.

5.   Effectiveness of Alternative Solutions

As the record reflects, this Court has attempted to obtain Plaintiff's compliance by measures short of dismissal. These attempts have not been successful. Here, no alternative to dismissing Plaintiff's complaint is likely to be effective. Despite Court Orders, the non-compliance has continued. The case cannot move forward. Defendants have been prejudiced. The only appropriate sanction here is dismissal of Plaintiff's Third Amended Complaint.

6.   Meritoriousness of Plaintiff's Claims

Plaintiff has failed to appear at Court-Ordered conferences or otherwise communicate with this Court. The Court cannot adequately evaluate the merits, if any, of Plaintiff's Third Amended Complaint.

Five of the six Poulis factors weigh in favor of dismissing the Third Amended Complaint. Not all of the Poulis factors need be satisfied in order to justify dismissal. Rigatti, 964 F.2d at 1373. Plaintiff had an obligation to prosecute his action and meet the deadlines established by this Court. Here, Plaintiff has failed to comply with Orders of this Court. Therefore, dismissal in this case is appropriate.

This Court's recommendation that Plaintiff's Third Amended Complaint be dismissed is not

made lightly. However, this Court is convinced that it is left with no alternative. This Court offered Plaintiff opportunities to appear at Court-Ordered conferences, but to no avail. The Court also warned Plaintiff that continuation of this conduct would result in sanctions. Under the circumstances, no less onerous sanction would be appropriate.

### CONCLUSION

For the reasons set forth above, I recommend that the District Court dismiss pro se Plaintiff Keyenn Charles' Third Amended Complaint with prejudice. The parties have ten (10) days from the date hereof to file and serve objections.

Respectfully submitted,

s/Madeline Cox Arleo
MADELINE COX ARLEO
United States Magistrate Judge

Dated: July 28, 2008
Orig.: Clerk of the Court
cc:    Hon. Susan D. Wigenton, U.S.D.J.
       All Parties
       File